1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

| | |
|---|---|
| SANTOS GARCIA, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:19-cv-01901-GMN-BNW |
| vs. | ) |
| | ) **ORDER** |
| HARRAH'S LAS VEGAS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

5

6

7

8

9          Pending before the Court is Defendant Harrah's Las Vegas LLC's ("Defendant's")

10  Motion for Summary Judgment, (ECF No. 24).  Plaintiff Santos Garcia ("Plaintiff") did not file

11  a response.  For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

12  I.      **BACKGROUND**

13          This case arises from Plaintiff's allegation that Defendant fired Plaintiff because of his

14  advanced age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§

15  621 *et seq.* (the "ADEA"). (*See generally* Compl., ECF No. 1).  Defendant originally hired

16  Plaintiff to work as a casino porter on or around October 2, 2006, when Plaintiff was fifty years

17  old. (Excerpts Dep. Santos Garcia ("Garcia Dep.") 11:6–7, 16:7–18, Ex. C to Mot. Summ. J.

18  ("MSJ"), ECF No. 24-3).  Plaintiff was ultimately promoted to a supervisory position in June of

19  2018. (*Id.* 17:5–19).  On December 3, 2018, when Plaintiff was sixty-two years old, Defendant

20  terminated Plaintiff's employment. (*Id.* 11:6–7, 18:25–19:2).  Plaintiff alleges, without

21  supporting evidence, that Defendant fired him because of his advanced age. (Compl. ¶ 20).

22  Defendant contends that it terminated Plaintiff for violating company policy by sleeping on the

23  job. (*See* MSJ 2:6–12, ECF No. 24).

24          In November of 2018, two of Plaintiff's coworkers—Shawn Gray and Jose Mejia

25  Gonzalez—reported observing Plaintiff sleeping while on duty to Defendant's human resources

department. (*See* Witness Statement of Shawn Gray ("Gray Statement"), Ex. D to MSJ, ECF No. 24-4); (Witness Statement of Jose Mejia Gonzalez ("Gonzalez Statement"), Ex. E to MSJ, ECF No. 24-5); (Aff. Sean Gray ("Gray Aff.") ¶ 3, Ex. K to MSJ, ECF No. 24-11); (Aff. Jose Mejia Gonzalez ("Gonzalez Aff.") ¶ 3, Ex. L to MSJ, ECF No. 24-12). Defendant's "Rules of the Road" policy prohibited sleeping or appearing to sleep while on duty, and Plaintiff was aware of the prohibition. (*See* Harrah's "Rules of the Road" ¶ 15, Ex. I to MSJ, ECF No. 24-9) ("Team Members will not sleep or give the appearance of sleeping while on duty except in designated break areas during designated break time."); (Aff. Hayley Kappenman ("Kappenman Aff.") ¶ 14, Ex. G to MSJ, ECF No. 24-7) (verifying the "Rules of the Road" policy); (Santos Dep. 54:25–55:2, Ex. C to MSJ) (replying "[o]f course" when asked if he knew he was not allowed to sleep on the job). After Gray and Gonzalez reported Plaintiff's behavior, Defendant suspended Plaintiff pending an investigation of the allegations. (Santos Dep. 32:5–7, 33:13–24, Ex. C to MSJ); (Suspension Pending Investigation, Ex. F to MSJ, ECF No. 24-6); (Kappenman Aff. ¶ 8, Ex. G to MSJ). When asked about the witnesses' allegations by a human resources representative, the representative's notes indicate that Plaintiff said, "sleep sleep no, maybe a little nap but not sleep like sleep . . . . it is my mistake I turned the lights off. . . . maybe it happen [sic] 5 minutes that's it. . . . I don't know if I took a nap or not." (Due Process Notes at HAR_0009, HAR_0011, Ex. H to MSJ, ECF No. 24-8). Given Plaintiff's admission to potentially sleeping on the job and two witnesses reporting that he did in fact sleep while on duty, Defendant terminated Plaintiff's employment for violating company policy. (Kappenman Aff. ¶¶ 12–14, Ex. G to MSJ); (Termination Notice, Ex. J to MSJ, ECF No. 24-10).

Plaintiff alleges Defendant's proffered reason for termination was pretextual because Plaintiff was a "model employee". (Compl. ¶ 20). He now asserts claims for age discrimination under the ADEA, 29 U.S.C. § 623, and the corollary Nevada statute, Nev. Rev. Stat. § 613.330. (Compl. ¶¶ 22–35).

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the

court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III.  <u>DISCUSSION</u>

The Court begins its discussion with Plaintiff's ADEA claim as Plaintiff's burden to survive summary judgment under the statute is substantially the same as that under Nevada law. *See Apececche v. White Pine Cty.*, 615 P.2d 975, 977–78 (Nev. 1980) (employing the *McDonnell Douglas* framework when analyzing an NRS 613.330 claim). The Court finds that Plaintiff has neither met his burden to present evidence of a prima facie case of age

discrimination, nor that Defendant's legitimate, non-discriminatory reason for terminating Plaintiff was pretextual.

Under the ADEA, employers may not "fail or refuse to hire or . . . discharge any individual [who is at least forty years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  In order to establish a disparate treatment claim, the plaintiff must produce evidence that gives rise to an inference of unlawful discrimination, either through direct evidence of discriminatory intent or through the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008); *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003).

Direct evidence is "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998).  In the context of an ADEA claim, direct evidence "is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004).  When a plaintiff opposing summary judgment presents direct evidence of a discriminatory motive, analysis of the direct evidence under the *McDonnell Douglas* burden-shifting framework is inappropriate. *France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015), as amended on reh'g (Oct. 14, 2015).

Where no direct evidence exists, courts must proceed under the *McDonnell Douglas* framework.  "Under the *McDonnell Douglas* framework, a plaintiff must carry the initial burden to establish a prima facie case that creates an inference of discrimination." *Id.*  "The

burden of establishing a prima facie case of disparate treatment is not onerous." *See Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002). On summary judgment, the degree of proof necessary to establish a prima facie case "is minimal and does not even rise to the level of a preponderance of the evidence." *See Schechner v. KPIX-TV*, 686 F.3d 1018, 1025 (9th Cir. 2012). If the employee establishes a prima facie case, an inference of discrimination arises and the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for its employment action. *France*, 795 F.3d at 1173. If the employer does so, the burden shifts back to the employee to prove that the employer's explanation is a pretext for discrimination. *Id.*

Here, as Plaintiff has not presented direct evidence of age discrimination, the Court considers whether Plaintiff has adequately established a prima facie case of discrimination.

### A. Prima Facie Case

To establish a prima facie case of disparate treatment under the first step of the *McDonnell Douglas* test, the Plaintiff must show that: (1) Plaintiff belongs to a protected class; (2) Plaintiff was qualified for his position; (3) Plaintiff was subject to an adverse employment action; and (4) similarly situated individuals outside of his protected class were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). In the context of age discrimination, the plaintiff must show that he would not have been adversely treated but-for his age. *Bishop v. Potter*, No. 2:08-cv-00726-RLH, 2010 U.S. Dist. LEXIS 105845, 2010 WL 3910063, at *5 (D. Nev. Oct. 1, 2010) aff'd sub nom. *Bishop v. Donahoe*, 479 F. App'x 55 (9th Cir. 2012) ("Age discrimination claimants must meet an even higher 'but-for' standard, showing that the employer would not have taken the adverse action but for the plaintiff's age.").

The first three elements of a prima facie case are not in dispute: as a person over forty years of age, Plaintiff belongs to a protected class; Plaintiff was qualified to be a supervisor given the duration of his experience working for Defendant; and Plaintiff's termination was an

adverse employment action.  However, Plaintiff has not provided evidence that individuals under forty were treated more favorably than he was or that his age was the but-for cause of his termination.  There is no indication that younger individuals were caught sleeping at work in violation of Defendant's policies and were not terminated.  Thus, Defendant is entitled to summary judgment because Plaintiff has not provided evidence in support of a prima facie case of employment discrimination.  Even if Plaintiff had established a prima facie case, Defendant is entitled to summary judgment because Plaintiff has not rebutted Defendant's evidence demonstrating that Defendant terminated Plaintiff for a legitimate, non-discriminatory reason.

### B.  Legitimate Non-Discriminatory Reason

Defendant contends that Plaintiff's sleeping while on duty or appearing to do so, in violation of Defendant's "Rules of the Road," was the sole reason it terminated Plaintiff's employment. (*See* Kappenman Aff. ¶ 12, Ex. G to MSJ) ("I did not in any way consider Mr. Garcia's age in making the recommendation to terminate his employment with Harrah's. Rather, my recommendation to terminate Mr. Garcia's employment with Harrah's was based solely on the evidence (including witness statements from Mr. Gray and Mr. Mejia Gonzales, as well as my understanding of Mr. Garcia's comments in the Due Process meeting) which indicated to me that Mr. Garcia had violated company policy by sleeping on the job and/or giving the appearance of sleeping on the job."); (Harrah's Rules of the Road ¶ 15, Ex. I to MSJ) (prohibiting sleeping or appearing to sleep while on duty).  As Plaintiff's reported conduct violated Harrah's employment policy, the conduct provides a legitimate, non-discriminatory reason for Plaintiff's termination. *See Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 141–43 (2000) (finding defendant met its rebuttal burden to show plaintiff was terminated for failing to keep accurate attendance records); *Dumas v. New United Motor Mfg., Inc.*, 305 F. App'x 445, 448 (9th Cir. 2008) (explaining plaintiff's "violation of company policy requiring written permission for extended leaves of absence" provided a legitimate nondiscriminatory

reason for termination had plaintiff successfully made a prima facie case).  Plaintiff's failure to respond to Defendant's Motion effectively waived his opportunity to create a dispute of material fact regarding whether the proffered reason was pretextual.  Accordingly, the Court grants summary judgment to Defendant.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 24), is **GRANTED**.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this 30 day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT